UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHARLES GOODMAN, | Case No. 14-CV-5082 (DSD/SER) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| TED WAUKEY; ANN LASRINIES; PAMELA BOYD; JOHN DOE; and JANE DOE, | |
| Defendants. | |

Plaintiff Charles Goodman, a Minnesota state prisoner, alleged his civil rights were violated. Goodman did not pay the filing fee for this case, but instead filed an application seeking leave to proceed *in forma pauperis* ("IFP"). *See* ECF Nos. 2 & 4. In an order dated February 6, 2015, Goodman was ordered to pay an initial partial filing fee of $14.66, failing which this Court would recommend that this action be dismissed without prejudice for failure to prosecute. *See* 28 U.S.C. § 1915(b); Fed. R. Civ. P. 41(b). Goodman has since paid the required initial partial filing fee, and thus this matter is again before the Court for a determination of whether Goodman should be permitted to proceed IFP in this matter.

Goodman qualifies financially for IFP status. An IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins.*

*Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need

not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to

relief that is plausible on its face."  *Id*. at 570.  In assessing the sufficiency of the complaint, the

court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints are to be construed liberally, but they still

must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912,

914 (8th Cir. 2004).

Goodman alleges that on or about May 7, 2014, the Mille Lacs Band Tribal Court issued

an order granting him visitation rights with his child or children.  *See* Compl. at 4 [ECF No. 1].

Despite that tribal order, though, the defendants named in this action — who are employees of

"Mille Lacs Band Social Services," according to the complaint — have refused to allow

Goodman to see his child or children.  *Id*.  Goodman alleges that his race motivated defendant's

removal.  *Id*.  As a remedy for defendants' alleged equal-protection violations, Goodman seeks

injunctive relief and money damages in excess of $50,000 from each defendant.  *Id*. at 5.

Under 42 U.S.C. § 1983, a claimant may recover for violations of the Constitution and

federal laws by persons acting under color of *state* law.  In contrast, "'no action under 42 U.S.C.

§ 1983 can be maintained in federal court for persons alleging deprivation of constitutional rights

under color of tribal law.'"  *Charland v. Little Six, Inc.*, 112 F. Supp. 2d 858, 866 (D. Minn.

2000) (quoting *R.J. Williams Co. v. Fort Belknap Housing Auth.*, 719 F.2d 979, 982 (9th Cir.

1983)).  The Mille Lacs Band Department of Health and Human Services is a department of the

Mille Lacs Band of Ojibwe, a federally recognized sovereign Indian tribe.  *See Corporate*

*Comm'n of the Mille Lacs Band of Ojibwe Indians v. Money Centers of America, Inc.*, No. 12-

CV-1015 (RHK/LIB), Am. Compl. ¶ 6 [ECF No. 48] (D. Minn. filed Aug. 1, 2012).  Because the

defendants are alleged by Goodman to have been acting under the authority of tribal law when

refusing to enforce his alleged visitation rights, Goodman may not maintain an action under

§ 1983 against those defendants.  *See also Coleman v. Duluth Police Dept.*, No. 07-CV-0473

(DWF/RLE), 2009 WL 921145, at *23-24 (D. Minn. Mar. 31, 2009).

Although Goodman does not mention the provision in his complaint, this Court notes that

the Indian Civil Rights Act, 25 U.S.C. § 1302, prohibits Indian tribes exercising powers of self-

government from violating various federal constitutional provisions.  That said, "[t]he only

remedy available in federal district court under the Indian Civil Rights Act is a writ of habeas

corpus."  *Buxton v. United States*, No. CIV. 09-5057-JLV, 2011 WL 4528329, at *2 (D.S.D.

Sept. 28, 2011) (quotation omitted) (citing *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 64

(1978); and *Runs After v. United States*, 766 F.2d 347, 353 (8th Cir. 1985)).  Neither actions for

money damages nor actions for declaratory or injunctive relief are authorized under § 1302.  *See*

*Runs After*, 766 F.2d at 353; *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*,

858 F.2d 1376, 1385 n.8 (9th Cir. 1988) ("Claims for damages are not cognizable under

[§ 1302].").  Because Goodman is not presently seeking a writ of habeas corpus, this action

cannot be maintained under the Indian Civil Rights Act.

No federal cause of action is available to Goodman for the alleged violations set forth in

his complaint.  Accordingly, this action must be dismissed.  This Court recommends that the

dismissal be without prejudice, however, to ensure that Goodman not be precluded from seeking

relief in tribal courts.  Finally, this Court notes that Goodman will remain responsible for the

unpaid portion of the $350 filing fee in this matter, regardless of whether the recommendation of

dismissal is adopted.  *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he PLRA makes

prisoners responsible for their filing fees the moment the prisoner brings a civil action").

RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS

HEREBY RECOMMENDED THAT:

1.      This action be SUMMARILY DISMISSED WITHOUT PREJUDICE pursuant to

        28 U.S.C. § 1915(e)(2)(B)(ii).

2.      Plaintiff Charles Goodman's application to proceed *in forma pauperis* [ECF Nos.

        2 & 4] be DENIED.

3.      Goodman be required to pay the unpaid balance of the court filing fee, namely

        $335.34, in accordance with 28 U.S.C. § 1915(b)(2).

Dated:  March 31, 2015                          *s/Steven E Rau*
                                                Steven E. Rau
                                                U.S. Magistrate Judge


**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing
with the Clerk of Court, and serving all parties by **April 14, 2015**, a writing which specifically
identifies those portions of this Report to which objections are made and the basis of those
objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting
party's right to seek review in the Court of Appeals.  A party may respond to the objecting
party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be
limited to 3500 words.  A district judge shall make a de novo determination of those portions of
the Report to which objection is made.  This Report and Recommendation does not constitute an
order or judgment of the District Court, and it is therefore not appealable directly to the Eighth
Circuit Court of Appeals.