```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Civil No. 14-5082(DSD/SER)
```

Charles Goodman,

       Plaintiff,

v.                                                       **ORDER**

Ted Waukey; Ann Lasrinies,
Pamela Boyd; John Doe; and
Jane Doe,

       Defendants.


       Charles Goodman, #209173, MN Correctional Facility, 970
Pickett Street North, Bayport, MN 55003, pro se.


      This matter is before the court upon the objections by pro se plaintiff Charles Goodman to the March 31, 2015, report and recommendation (R&R) of Magistrate Judge Steven E. Rau. The magistrate judge recommended that the court summarily dismiss the case without prejudice for failure to state a claim, deny Goodman's application to proceed in forma pauperis, and order Goodman to pay the remaining balance of the filing fee. Goodman objects to the R&R.

      The court reviews the report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). After a thorough review of the file and record, the court finds that the R&R is well-reasoned and correct.

      Goodman argues that the R&R incorrectly determines that there is no federal cause of action for the alleged violations stated in

his complaint.  The court disagrees.  Goodman has sued employees of the Mille Lacs Band Social Services - a department of the Mille Lacs Band of Ojibwe - for violating his civil rights under § 1983. ECF No. 1, at 1.  As noted in the R&R, although a claimant may recover for constitutional violations by persons acting under color of *state* law, "no action under 42 U.S.C. § 1983 can be maintained in federal court for persons alleging deprivation of constitutional rights under color of *tribal* law."  Charland v. Little Six, Inc., 112 F. Supp. 2d 858, 866 (D. Minn. 2000) (emphasis added) (citation and internal quotation marks omitted).  Because, even liberally construed, Goodman alleges that defendants violated his rights under color of tribal law, the R&R correctly determines that Goodman has failed to state a claim under § 1983.  The R&R also correctly notes that Goodman likewise could not bring a federal claim under the Indian Civil Rights Act, 25 U.S.C. § 1302, et seq., because it does not provide a cause of action for money damages or declaratory relief, as sought here.  See Runs After v. United States, 766 F.2d 347, 353 (8th Cir. 1985).  Indeed, the only "federal relief available under the Indian Civil Rights Act is a writ of habeas corpus," therefore "actions seeking other sorts of relief for tribal deprivations of rights must be resolved through tribal forums."  Id. (internal quotation marks and citations omitted).  The court dismisses Goodman's complaint without prejudice so that he is not foreclosed from pursuing his claim in

2

tribal court.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The objection [ECF No. 10] to the R&R is overruled;

2. The R&R [ECF No. 7] is adopted in its entirety;

3. The IFP application [ECF Nos. 2 and 4] is denied;

4. Goodman shall pay the unpaid balance of the court filing fee ($335.34) in accordance with 28 U.S.C. § 1915(b)(2);

5. The motion for extension of time [ECF No. 8] is denied as moot; and

6. The action is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: April 22, 2015

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court